IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIXON LEE POELLNITZ, JR. , ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv319-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Dixon Lee Poellnitz, Jr. ("Poellnitz") on April 29, 2014. Doc. No. 1. Poellnitz is an inmate at the Montgomery Federal Prison Camp in Montgomery, Alabama, serving a sentence imposed on November 17, 2004, by the United States District Court for the Southern District of Alabama. That court sentenced Poellnitz to a term of 240 months in prison after he pled guilty to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § § 841(a)(1) and 846. It does not appear that Poellnitz appealed his conviction and sentence. In his § 2255 motion, he presents claims that the trial court improperly enhanced his sentence and that his trial counsel was ineffective for failing to challenge this enhancement.

**DISCUSSION**

Motions made pursuant to 28 U.S.C. § 2255 must be filed in the court imposing sentence. Rule 4, Rules Governing Section 2255 Proceedings for the United States District

Courts. This court therefore lacks jurisdiction to hear Poellnitz's § 2255 motion.

Instead of dismissing a § 2255 motion filed in the wrong district, a district court lacking jurisdiction over a case is allowed to transfer the case to the proper district "if it is in the interest of justice" to do so. 28 U.S.C. § 1631. From a review of the public records available through the federal court's PACER system, it does not appear that Poellnitz has previously filed a § 2255 motion with the Southern District Court of Alabama challenging his conviction or sentence. Consistent with the provisions of 28 U.S.C. § 1631, this court finds that it is in the interest of justice that this action be transferred to the United States District Court for the Southern District of Alabama for hearing and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1631.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before May 21, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2014.

                                                         /s/Wallace Capel, Jr.
                                                        WALLACE CAPEL, JR.
                                                        UNITED STATES MAGISTRATE JUDGE